UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | |
|---|---|
| YALONDA STEWART, | ) |
| | ) CIVIL COMPLAINT |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CASE NO. 4:18-CV-2435 |
| EVEREST RECEIVABLE SERVICES, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) **JURY DEMAND** |

# COMPLAINT

Now comes YALONDA STEWART ("Plaintiff"), complaining as to the conduct of EVEREST RECEIVABLE SERVICES, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.* and the Ohio Consumer Sales Practices Act ("CSPA") under R.C. 1345.01 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

[ 1 ]

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Northern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

4. Plaintiff is a natural person residing within the Northern District of Ohio.

5. Defendant is a Delaware corporation with its principal place of business in Getzville, NY.

6. Defendant is a third-party debt collector that regularly collects upon consumers in Ohio.  *See Home*, Everest Receivable Services, Inc. (*last visited* Oct. 3, 2018), https://everest-inc.com/. ("Everest Receivable Services Inc. is a . . . company that focuses on recovery of delinquent consumer debt.")

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. On September 15, 2018, Defendant placed a call to Plaintiff and Plaintiff answered.

9. When, a short time into the call, Plaintiff raised concerns about privacy laws, Defendant's agent became defensive an indignant.

10. When, later in the call, Plaintiff requested that Defendant place her on its do not call list, Defendant's agent refused.

11. Plaintiff replied to that refusal with, "excuse me?", prompting Defendant's agent to state that Plaintiff had no right to request that Defendant stop calling her, and that Defendant would not stop calling her.

12. During the same call, Plaintiff requested to receive a § 1692g notice to demonstrate that Defendant was a legitimate debt collector.

13. Plaintiff did not receive any mail from Defendant until at least October 1, 2018.

### COUNT I—VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff realleges the paragraphs above as though fully set forth herein.

15. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

16. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so. In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others.

18. The subject alleged debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes, namely for a personal credit card.

    **a. Violation of FDCPA § 1692e.**

19.    The FDCPA, pursuant to 15 U.S.C. § 1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

20.    The FDCPA, pursuant to 15 U.S.C. § 1692c(c), provides that "[i]f a consumer notifies a debt collector in writing that . . the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt. . ." except in a handful of carefully delineated circumstances.

21.    Defendant violated § 1692e when its agent misled Plaintiff as to her rights by stating that she had no right to right to request that Defendant stop calling her. While Defendant's agent would have been correct to say that Defendant did not have to stop calling Plaintiff based simply on an oral request, Defendant's agent's blanket statement created the misleading impression that Plaintiff had no recourse whatsoever to stop Defendant's calls.

22.    Plaintiff has been harmed and suffered damages as a result of Defendant's conduct, namely irritation, shame and humiliation, and confusion arising from misinformation regarding her rights.

    **b. Violation of FDCPA § 1692g(a).**

23.    The FDCPA, pursuant to 15 U.S.C. § 1692g(a), provides that a debt collector, within five days of its initial communication with a consumer, must send the

[ 4 ]

consumer a written notice containing specified information about the nature of the alleged debt and the consumer's right to request verification.

24. Plaintiff did not receive the required § 1692g notice until at least sixteen days after her initial conversation with Defendant.

25. On information and belief, Defendant did not mail the § 1692g notice until more than five days after its initial conversation with Plaintiff.

26. Defendant violated § 1692g(a) when it failed to send the required notice within five days of its initial call to Plaintiff.

27. The natural consequence of this failure was to deprive Plaintiff of knowledge of her rights and thereby increase the harassing and intimidating effect of Defendant's other actions.

### COUNT II – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

28. Plaintiff realleges the paragraphs above as though fully set forth herein.

29. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

30. Plaintiff is a "person" as defined by R.C. 1345.01(B).

31. Defendant is a "supplier" as defined by R.C. 1345.01(C). *See Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

32. Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

33. R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

34. Under the CSPA, the Court may award a multiplier for attorney fees for contingency fee cases, such as this one. *Davis v. Mut. Life Ins. Co. of New York*, 6 F.3d 367, 383 (6th Cir. 1993) (citing *Bittner v. Tri-Cty. Toyota, Inc.*, 569 N.E.2d 464 (Ohio 1991)).

35. Defendant has committed unfair or deceptive acts in violation of the CSPA, R.C. 1345.02(A), by engaging in acts in violation of the FDCPA as set forth above.

36. Such acts have been previously determined by Ohio courts to violate the CSPA. *See, e.g.*, *Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

37. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

38. Defendant's actions therefore violated the CSPA, and Plaintiff is entitled to compensation for the violation.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor as follows:

**a.** Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.    Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

c.    Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

d.    Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

e.    Awarding Plaintiff $200 per violation of the CSPA, plus noneconomic damages up to $5,000 per violation in an amount to be determined at trial, plus reasonable attorney fees;

f.    Awarding Plaintiff's counsel an enhancement or multiplier of attorney fees pursuant to the CSPA;

g.    Awarding Plaintiff the costs of this action; and

h.    Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated:  October 22, 2018

By:  s/ Geoffrey Parker

Geoffrey Parker (0096049)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Suite 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-5557
gparker@hiltonparker.com
www.hiltonparker.com